Schuyler *v.* Mills.

---

## ISAAC SCHUYLER *vs.* GEORGE S. MILLS.

1. After a judgment upon the merits or nonsuit, in the case of an appeal from a justice's court, the Common Pleas have no right to grant a new trial or reinstate the case for a rehearing.

M*

2. The powers and duties of the Court of Common Pleas in appeal cases are statutory, and are merely parallel to the powers and duties of a justice of the peace.

The opinion of the court was delivered by

CLAWSON, J.  This is a *certiorari* to the Passaic Pleas to bring up the order of said court reinstating an appeal after nonsuit and order setting the same down for trial at the next term.  The Court of Common Pleas, in cases of appeal, act strictly in an appellate capacity, with powers limited and controlled by the statute.  They have no common law jurisdiction or discretion.  Such powers as are given by statute they can exercise, and as a general thing, no others.  Their duties are simply to rehear and retry the case upon the same documents, proofs, and witnesses as had been previously examined in the court below, except newly discovered evidence, for which there is special provision by statute, and except where the justice may have erred in the admission of illegal, or the rejection of legal testimony, in which case it is the duty of the Common Pleas to exercise their own judgment, and proceed according to law and right, and give such judgment as the justice should have given.  Their jurisdiction and powers over the case are coextensive and parallel with those of the justice upon the original trial.  The two courts are *pari passu* in all their movements in the case.  A judgment of nonsuit or upon the merits is effectually, equally, and finally an end to the case, so far as they are concerned.  There can be no revival of the case, or reinstatement, or opening of the judgment, or setting aside a verdict for retrial.  It is disposed of, and beyond their power to resuscitate it.  It has been really *tried*, in the meaning of the act, let the judgment of the court be either a judgment of nonsuit because no sufficient cause set forth in the demand, or other proper reasons—or a judgment for one party or the other for a certain amount of debt or damages and costs—it is all the same.  The

particular result of the rehearing or retrial on appeal is to depend, of course, upon the merits of the case with the law applied.

Order of Common Pleas reversed.

CITED *in Longstreet* v. *Phile*, 10 *Vr.* 71.